**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY HARRIS,** ) | |
| **on behalf of himself and all others** ) | |
| **similarly situated** ) | |
| ) | |
| **Plaintiff,** ) | **C.A. No.** |
| **vs.** ) | |
| ) | **CLASS ACTION** |
| **FIRST ADVANTAGE BACKGROUND** ) | |
| **SERVICES CORP.,** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

### I.   PRELIMINARY STATEMENT

1.     This is a consumer class action based upon Defendant's violation of the Fair Credit
Reporting Act, 15 U.S.C. §§ 1681-1681x *et seq.* (FCRA).  Plaintiff brings this action on behalf of
employment applicants throughout the United States who have been the subject of prejudicial,
misleading and inaccurate background reports performed by the Defendant and sold to employers.
Defendant has adopted and maintained a policy and practice of inaccurately reporting the grades
of criminal infractions, representing that certain offenses are more serious than they actually are.
For example, Defendant routinely misreports summary offenses, a separate and less serious
category of criminal offense, as misdemeanors.  Defendant's practice harms consumers seeking
employment by prejudicing their prospective employers with inaccurate adverse information, and
harms interstate commerce as a whole.

### II.   JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.   PARTIES

4.      Plaintiff Gregory Harris is an adult individual and citizen of the Commonwealth of Pennsylvania who resides in Philadelphia, Pennsylvania.

5.      Defendant First Advantage Background Services Corp. (First Advantage) is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency.  Defendant First Advantage regularly conducts business in the Commonwealth of Pennsylvania, and operates a principal place of business at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328.

### IV.   FACTUAL ALLEGATIONS

**A.      Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes**

6.      At all times pertinent hereto, Defendant First Advantage was a consumer reporting agency (CRA) as defined by section 1681a(f) of the FCRA.

7.      Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by CRAs, including public record information.

8.      Defendant obtains distilled and incomplete public record information, including criminal record history, from third party databases and courthouses and maintains such data in consumer files that it creates and assembles.

9.      Defendant sells such consumer files to potential employers wishing to review the background of various job applicants.

10.      Upon information and belief, Defendant will, for a fee, additionally review the background reports it generates and create a "score" based on criteria provided in advance by the employer ordering the background report, and inform the employer whether the subject of the background report is eligible for hire based on those criteria.

11.      Defendant, as a CRA, is required to follow reasonable procedures to assure

maximum possible accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. § 1681e(b).

12.     Defendant does not, however, maintain reasonable procedures designed to assure maximum possible accuracy.  As a result of its standardized policies and practices, Defendant routinely fails to report the accurate grade of an offense, misrepresenting the severity of a criminal offense, so that the individual's criminal record history appears more serious than it actually is.

13.     Such mischaracterization causes First Advantage to include records of offenses on reports that it would otherwise exclude, and which employers may be prohibited by law from considering.

14.     Defendant's practices not only violate the FCRA as a matter of law, the practices exact serious consequences upon consumer job applicants and interstate commerce.

15.      Despite its duties to maintain procedures designed to assure maximum possible accuracy of the criminal record information that it sells to prospective employers, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a practice that disregards this duty, in violation of the FCRA.

**B.     Summary Offenses in Pennsylvania**

16.     Pennsylvania statutory law maintains a classification system for criminal offenses whereby infractions are categorized as "felonies," "misdemeanors," and "summary offenses."  18 P.S. § 106.

17.     Summary offenses are graded lower than felonies or misdemeanors.  Summary offenses are either defined by statute or provide for a maximum prison sentence of not more than 90 days.  18 P.S. § 106(c).

18.     Summary offenses in Pennsylvania include a variety of minor infractions such as

attaching a nail or tack to a utility pole,[1] littering,[2] and returning library books more than 30 days late.[3]  Common summary offenses include disorderly conduct, loitering and retail theft.

19.     Often, summary offenses are issued for "quality of life" issues such as sitting on the steps of an abandoned house, riding a bike on the payment, or drinking a beer in public.

20.     A defendant facing a summary offense that does not potentially carry a jail sentence does not have a right to a lawyer.

21.     Each year, there are tens of thousands of convictions for summary offenses in Pennsylvania.  Between 2013 and 2017, more than 60,000 citations were issued for summary offenses in Philadelphia alone.

22.     Summary offenses frequently are initiated by citation.  Defendants often simply resolve such citations by paying them without even going to court.

23.     Sentences of imprisonment for summary offenses are rare.  Often sentences are limited to fines and costs.

24.     Pennsylvania law recognizes that summary offenses are significantly less serious than felonies or misdemeanors by treating them differently than felonies or misdemeanors in post-conviction matters.

25.     A Pennsylvania statute permits employers to consider felonies and misdemeanor convictions to the extent that they relate to a job applicant's suitability for a job.  18 P.S. § 9125. However, the statute does not permit employers to consider summary offenses.  *Cisco v. United Parcel Servs., Inc.*, 476 A.2d 1340, 1343 (Pa. Super. 1984).

26.     Felony and misdemeanor convictions almost never can be expunged in

---

[1]     18 Pa. C.S.A. § 6905.

[2]     18 Pa. C.S.A. § 6501.

[3]     18 Pa. C.S.A. § 6708.

Pennsylvania. However, summary offense convictions can be expunged after the defendant has been free of arrest or prosecution for five years following the conviction for that offense. 18 P.S. § 9122(b)(3)(i).

**C.    Electronic Case Records for Summary Offenses in Pennsylvania**

27.    The Administrative Office of Pennsylvania Courts (AOPC) provides electronic information about Pennsylvania criminal cases, including summary offenses, to the public.

28.    Information about an individual's criminal cases in Pennsylvania can be obtained by any member of the public by searching the Unified Judicial System of Pennsylvania's web portal. *See* https://ujsportal.pacourts.us/docketsheets.aspx.

29.    Information can also be obtained through bulk distribution of electronic case records. AOPC sells this information on a recurring basis.

30.    Upon information and belief, Defendant obtains electronic case record data generated by AOPC through a reseller.

31.    One of the data elements that is provided by AOPC for each electronic case record, where available, is the grade of the offense. Thus, many electronic case records specifically report the classification of a summary offense. If the grade of the offense is not available, it is left blank.

32.    Moreover, the grade of a summary offense in the First Judicial District, which comprises the courts of Philadelphia, can often be identified based upon the assigned case number.

33.    All case numbers in the First Judicial District are formatted as XX-00-XX-0000000-0000, and contain two-letter codes which identify the court in which the case was tried and the nature of the case.

34.    The code for a case tried in the Philadelphia Court of Common Pleas is "CP," while the code for a case in the Philadelphia Municipal Court is "MC."

35.    Felony and misdemeanor cases are identified in a separate portion of the case

number as "CR."  In contrast, if a case relates solely to a summary offense, the same portion of the case number will bear the code "SU."

36.     Thus, a misdemeanor criminal case brought in the Philadelphia Municipal Court would bear a case number such as MC-51-CR-1234567-2018.

37.     In contrast, a case consisting solely of summary offense(s) brought in the Philadelphia Municipal Court would bear a case number such as MC-51-SU-1234567-2018.

38.     A finding of guilt on a summary offense in Philadelphia Municipal court can be appealed to the Court of Common Pleas.  Those cases also are assigned case numbers that are distinct from cases involving felonies and misdemeanors.  Those cases will bear the code "SA."

39.     Despite these clear and systematic indications of the grade of summary offenses in Pennsylvania, Defendant First Advantage frequently fails to distinguish between summary offenses and more serious criminal charges and instead reports summary offenses from Pennsylvania as misdemeanors.

40.     First Advantage is familiar with its duty to maintain reasonable procedures to assure the maximum possible accuracy of the information it sells about consumers, including the grade(s) of any criminal offense(s) it includes on reports about consumers.

41.     First Advantage was placed on direct notice of the problems with its practices for identifying the grades of offenses in the form of a class action lawsuit on the subject, *Ghorab v. First Advantage LNS Screening Systems, Inc. d/b/a First Advantage Background Services Corp.*, No. 2:14-cv-05105 (E.D. Pa.).

**D.     The Experience Of The Representative Plaintiff**

42.     In March of 2010, Plaintiff Gregory Harris was charged with two misdemeanors. He ultimately pled guilty to a single summary offense.

6

43.     The case number for Mr. Harris's case was MC-51-CR-0010494-2010.[4]

44.     AOPC's database accurately reported that the charge for which Mr. Harris pled guilty was a summary offense.

45.     In or around February of 2017, Mr. Harris applied for employment with Lowe's.

46.     Mr. Harris truthfully stated in the application process that he had no previous felony or misdemeanor convictions.

47.     In connection with Mr. Harris's application, Lowe's purchased a background screening report from Defendant First Advantage.

48.     Using its usual practices and procedures, First Advantage compiled and furnished a consumer background report regarding Plaintiff to Lowe's on or about February 16, 2017.

49.     The report that First Advantage furnished to Lowe's inaccurately identified the case as a "misdemeanor" despite the fact that public record of the offense clearly demonstrates that the disposition of the case as a summary offense.

50.     Defendant's inaccurate reporting furthermore gave the misimpression that Plaintiff had failed to disclose a misdemeanor conviction on his employment application.

51.     Lowe's denied Plaintiff's application for employment based upon Defendant's inaccurate report.

52.     Had Lowe's known that Plaintiff's offense was a summary offense, it would have been on notice that it could not consider the offense under Pennsylvania law.

53.     Had the grade of Plaintiff's offense been reported accurately as a summary offense, the case would not properly have been reported at all in the "Felony Including Misdemeanor" section of Defendant's report.

---

[4]     On August 10, 2017, Mr. Harris obtained an expungement of the offense pursuant to 18 P.S. § 9122(b)(3)(i).

54.     Plaintiff subsequently communicated to First Advantage that the information on the report was not accurate, and included supporting documentation demonstrating the accurate disposition of a summary offense in the public record.

55.     Defendant's practices and procedures described herein affected not only the Plaintiff but also other consumers about whom Defendant inaccurately reported the grade of an offense.

56.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

57.      At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V.     CLASS ACTION ALLEGATIONS

58.     Plaintiff brings this action individually and as a class action for Defendant's violation of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

a.   **Nationwide Class:** All natural persons residing in the United States and its Territories who, within two (2) years prior to the filing of the Complaint and continuing through the resolution of this case, were the subjects of consumer reports prepared by Defendant which included a criminal offense, and for whom the reports inaccurately identified the grade or level of the offense.

b.   **Notice of Inaccuracy Subclass:** All natural persons residing in the United States and its Territories whom within two (2) years prior to the filing of the Complaint and continuing through the resolution of this case, were the subject of consumer reports prepared by Defendant which included a criminal offense, for whom the reports did not accurately identify the grade or level of the offense, and who subsequently sent Defendant a communication indicating  that the report did not accurately identify the grade or level of the offense.

c. **Pennsylvania Records Subclass:** All natural persons residing in the United States and its Territories who, within two (2) years prior to the filing of the Complaint and continuing through the resolution of this case, were the subjects of background reports prepared by Defendant which disclosed a Pennsylvania summary offense as a misdemeanor or more serious offense.

59.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the hundreds or thousands.  Defendant sells criminal history record information to thousands of businesses throughout the country, and their reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

60.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include whether Defendant, by employing a policy and practice of misidentifying summary offenses as misdemeanors or more serious offenses, violated section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

61.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

62.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter.  Plaintiff has secured counsel experienced in handling consumer class actions.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

63.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards

of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

64.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small.   Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI.   CAUSES OF ACTION

### COUNT ONE – FCRA § 1681e(b) (Class Claim)

65.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

66.     Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

67.     Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

68.     The above-mentioned reports are "consumer reports" as defined by section 1681a(d).

69.     Pursuant to sections 1681n and 1681o, Defendant is liable for willfully and negligently violating the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b).

### COUNT TWO – FCRA  1681i (Individual Claim)

70.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at

length herein.

71.     Pursuant to sections 1681n and 1681o, Defendant is liable for willfully and negligently violating the FCRA by failing to conduct a reasonable reinvestigation to determine the completeness and/or accuracy of information disputed by Plaintiff, in violation of section 1681i.

## VII.   <u>JURY TRIAL DEMAND</u>

72.     Plaintiff demands trial by jury on all issues so triable.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff seeks relief in favor of himself and the Class and against the Defendant as follows:

(a)     That an order be entered certifying the proposed Class and Subclasses under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b)     That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c)     That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §§ 1681n and 1681o;

(d)     That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(e)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o; and

(e)     That the Court grant such other and further relief as may be just and proper.

Dated: February 15, 2019                    Respectfully submitted,


                                            **FRANCIS & MAILMAN, P.C.**

                        By:     *s/ James A. Francis*
                                James A. Francis
                                John Soumilas
                                David A. Searles
                                Lauren KW Brennan
                                1600 Market Street, 25th Floor
                                Philadelphia, PA 19103
                                (215) 735-8600

                                **COMMUNITY LEGAL SERVICES, INC.**
                                Sharon M. Dietrich
                                Jamie Gullen
                                1424 Chestnut Street
                                Philadelphia, PA 19102
                                (215) 981-3700

                                *Attorneys for Plaintiff and the Class*